Opinion of the court, by
Judge Hitchcock:
This action was brought by the plaintiffs to recover the amount of moneys expended in the support and removal of Edmund Jackson, a pauper, charged to have been legally settled in the township of Letart. It is different from the case of Wayne v. Stock Township, decided at the present term, in one particular. In that case the pauper is supposed to have been of full age ; in this he is admitted to have been an infant under the age of twenty-one years. Whether this can make any difference, or whether such an indi *94 vidual can by his own residence, merely, gain a legal settlement, is tho point to be determined.
Section 4 of the act for the relief of the “poor,” speaks df “ any person or persons,” etc., in general terms without reference to age or sex. Intended servants, legally brought into tho state, and married women, are expressly provided for, but nothing is said about infants or children. It is perhaps a misfortune that the statute is not more explicit. Still we apprehend there is no difficulty in arriving at-the intention of the legislature. We have no doubt it was understood and intended that the legal settlement of children should follow that of their parents. It is not believed that by the word “ person,” as used in this section of the statute, any other person was intended than such as have arrived at the years of discretion. Such as, so far as age is ^concerned, were capable in law of contracting and being contracted with. Such as have a legal right to remove from place to place, and were free from the superintending control and guardianship of others.
To prove the correctness of this construction of the statute nothing more is necessary than a consideration of the absurdity to which we should be held by a different decision. If the legal settlement of tho child does not follow that of the parent, it might and frequently would so happen that the legal settlement of the child would be in one place, while that of a parent would be in another. And a case might be presented where there are many children that the settlement of the parent and each one of the children would be in separate and distinct townships. Will it be fora moment believed, that such is the policy or meaning of the law ? If such is the law, children of the same family, in their tender years, may be separated from their naturaL guardian, the parent, and from each other, and a statute which is entitled, “an act for the relief of the poor,” may be made to operate most oppressively upon'that class of the community.
An examination of the other parts of the same section 4 of the act will tend to fortify the construction of the court, “ any person or persons residing one year in any township in this state without being warned,” etc. Now the warning presupposes that the person warned has a legal power or right to leave the township. But what right has an infant to remove ? Does the law authorize such an individual to abandon or leave his father ? The parent is bound, both by the laws of nature and the laws of the land, *95 to provide for and take care of his infant child, and in return is entitled to the services and control of the child. This right is so perfect that, unless in extraordinary cases, it can not be interfered with. Let it not be said that this is one of those extraordinary cases. The legislature have not, in 'this section of law, undertaken to interfere as it respects the relative duties and rights of parent and child. It must be remembered that the overseers of the poor are not to wait until a person becomes chargeable before they warn him to depart. The apprehension that he may at some future period become chargeable, is sufficient to justify, nay, to require of them the performance of this duty. If, then, the warning presupposes a *right in the individual concerned to remove from the township, it follows, of course, that an infant can not with propriety be warned, because the infant has no legal right to remove, where such removal would separate him from or place him beyond the control of his natural guardian. Inasmuch, then, as the overseers of the poor can not with propriety warn an infant to depart the township, it would be unjust to say that the infant by residence, merely, shall gain a legal settlement.
In the case before the court, the pauper, it is -true, alj the time he went to reside in the township of Letart, had no father living. This, however, can not vary the case. Samuel Jackson, the father, was last legally settled in the township of Lebanon. In virtue of the settlement, Edmund Jackson, the son, was legally settled in the same place. By no length of residence in any other township, previous to arriving at the age of twenty-one, could he gain any other legal settlement. Having been reduced to poverty during his infancy, the township of Lebanon was chargeable with his support.
Under this construction of the statute, the-question reserved must be decided in favor of the defendants, and in pursuance of the terms of the agreed case, the verdict of the jury must be set aside and judgment entered against the plaintiffs.